**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiff, Individually
and on behalf of all others similarly
situated

| | |
|---|---|
| Omar Salazar, Paolo Garcia, and Vicente Juarez, on behalf of themselves and all other persons similarly situated, | DOCKET NO. _____ |
| Plaintiffs, | |
| - vs. - | **COMPLAINT** |
| | **COLLECTIVE ACTION** |
| Luigi's Pizzeria Restaurant, Inc. d/b/a Luigi's Pizza, Raimondo Petretta and Isaac Petretta, | |
| Defendants. | |

Plaintiffs Omar Salazar, Paolo Garcia, and Vicente Juarez, by and through their undersigned attorneys, for their complaint against defendants Luigi's Pizzeria Restaurant, Inc. d/b/a Luigi's Pizza, Raimondo Petretta, and Isaac Petretta, allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

## NATURE OF THE ACTION

1.   Plaintiffs Omar Salazar, Paolo Garcia and Vicente Juarez, on behalf of themselves and all other persons similarly situated, current and former employees of defendants Luigi's Pizzeria, Restaurant, Inc. d/b/a Luigi's Pizza, Raimondo Petretta and Issac Petretta, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), allege that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime premium pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith basis.

2.   Plaintiffs further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which the defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for the defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for the defendants' illegal deductions from gratuities under New York Labor Law §§ 196-d and 663; (v)

liquidated damages pursuant to New York Labor Law for these violations; and (vi) statutory damages for the defendants' violation of the Wage Theft Prevention Act.

## THE PARTIES

3.   Plaintiff Omar Salazar is an adult individual residing in the New York, New York.

4.   Plaintiff Paolo Garcia is an adult individual residing in the Bronx, New York.

5.   Plaintiff Vicente Juarez is an adult individual residing in the Bronx, New York.

6.   Mr. Salazar consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

7.   Mr. Garcia consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

8.   Mr. Juarez consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

9.   Defendant Luigi's Pizzeria Restaurant, Inc. d/b/a/ Luigi's Pizza, is a domestic business corporation organized under the law of the State of New York (hereinafter referred to as "Luigi's Pizza") with a registered principal place of business at 843 Bronx River Road, Yonkers, NY 10708.

10.  Defendant Luigi's Pizza owns and operates several pizza restaurants, including one located at 2127 Amsterdam Avenue, New York, New York.

11.  At all relevant times, defendant Luigi's Pizza was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

12.  At all relevant times, defendant Luigi's Pizza has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

13.  Upon information and belief, at all relevant times, defendant Luigi's Pizza has had gross revenues in excess of $500,000.00.

14.  Upon information and belief, at all relevant times herein, defendant Luigi's Pizza has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

15.  Defendant Raimondo Petretta is an owner or part owner and principal of Luigi's Pizza, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

16.  At all relevant times, Defendant Raimondo Petretta was involved in the day-to-day operations of Luigi's Pizza and played an active role in managing the business.

17.  Defendant Isaac Petretta is an owner or part owner and principal of Luigi's Pizza, who has the power to hire and

fire employees, set wages and schedules, and maintain their records.

18.  At all relevant times, Defendant Isaac Petretta was involved in the day-to-day operations of Luigi's Pizza and played an active role in managing the business.

19.  Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

<u>**JURISDICTION AND VENUE**</u>

20.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

21.  Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' business is located in this district.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

22.  Pursuant to 29 U.S.C. § 206 and § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since January 28, 2019, to the entry of judgment in this

case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

23. The Collective Action Members are similarly situated to Plaintiffs in that they were employed by defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied premium overtime pay for hours worked beyond forty hours in a week.

24. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

25. Plaintiffs and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

26. The exact number of such individuals is presently unknown, but is known by defendants and can be ascertained through appropriate discovery.

## FACTS

27. At all relevant times herein, the defendants owned and operated Luigi's Pizza, a pizza restaurant located at 2127 Amsterdam Avenue, in Manhattan, New York.

28.   Plaintiff   Omar   Salazar   was   employed   at   the
aforementioned Luigi's Pizza from approximately November 5,
2019, until April 30, 2021.

29.   Mr. Salazar was employed as a delivery man and food
preparer.

30.   Mr.  Salazar's  work  was  performed  in  the  normal
course  of  defendants'  business,  was  integrated  into  the
business  of  defendants,  and  did/Petrettas  not  involve
executive or administrative responsibilities.

31.   At  all  relevant  times  herein,  Mr.  Salazar  was  an
employee engaged in commerce and/or in the production of goods
for  commerce,  as  defined  in  the  FLSA  and  its  implementing
regulations.

32.   From  November  2019  through  December  2020,  Mr.
Salazar worked a regular schedule six days per week, from 11
a.m. until 11 p.m., with Tuesday off.

33.   As a result, he was working approximately 72 hours
per  week  during  that  period  of  his  employment  by  the
defendants.

34.   From January through April 2021, Mr. Salazar worked
a regular schedule of six days per week as follows: from 5:00
p.m. until 11 p.m. on Tuesday, Wednesday and Saturday, 5:00
p.mm. until 12:30 a.m. on Thursday and Friday, and 11:00 a.m.
until 11:00 p.m. on Sunday, with Monday off.

35.  As a result, he was working approximately 45 hours per week during that period of his employment by the defendants.

36.  Mr. Salazar was paid weekly in cash, at the rate of $7 per hour throughout his employment by Defendants. He also received cash tips each week.

37.  Plaintiff Paolo Garcia was employed at the aforementioned Luigi's Pizza from approximately January 21, 2021, through April 25, 2021.

38.  Mr. Garcia was employed as a dishwasher, cook and maintenance man.

39.  Mr. Garcia's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/Petrettas not involve executive or administrative responsibilities.

40.  At all relevant times herein, Mr. Garcia was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

41.  During his employment by Defendants, Mr. Garcia worked a regular schedule of five days per week from 11:00 a.m. until 11:00 p.m., with Wednesday and Thursday off.

42.  As a result, he was working approximately 60 hours per week during his employment by Defendants.

43.   Mr. Garcia was paid weekly in cash, at the rate of $130 per day throughout his employment by Defendants.

44.   Plaintiff Vicente Juarez was employed at the aforementioned Luigi's Pizza from approximately February 2021 through mid-May 2021.

45.   Mr. Juarez was employed by the defendants as a delivery man, cleaner and box handler.

46.   Mr. Juarez's work was performed in the normal course of defendants' business, was integrated into the business of defendants, and did/Petrettas not involve executive or administrative responsibilities.

47.   At all relevant times herein, Mr. Juarez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

48.   During his employment by the defendants, Mr. Juarez has worked a regular schedule of six days per week, from 11:00 a.m. until 11:00 p.m., with Sunday off.

49.   From January 2021 until April 1, 2021, Mr. Juarez's duties included delivery, cleaning, and preparing boxes. From April 1, 2021 until May 20, 2021, he worked in the kitchen Monday through Thursday, and did deliveries on Friday and Saturday.

50.  As a result, he was working approximately 72 hours per week during his employment by Defendants.

51.  Mr. Juarez has been paid weekly in cash, at the rate of $150 per day for Monday through Thursday, and $5 per hour plus tips for Friday and Saturday, throughout his employment by Defendants.

52.  Mr. Juarez was paid approximately $60-80 per day in tips during his employment by the defendants.

53.  Each of the plaintiffs received the weekly amounts described herein above for all hours worked each week, regardless of the exact number of hours worked in a given week.

54.  As a result, Plaintiffs' effective rates of pay were each below the statutory New York City minimum wage in effect at relevant times.

55.  Defendants' failure to pay each Plaintiff an amount at least equal to the New York City minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

56.  Plaintiffs have each been paid in cash throughout their employment by the defendants, and received no paystubs or wage statements of any sort with their pay.

57.  In addition, the defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40

hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

58. Defendants' failure to pay each Plaintiff the overtime bonus for overtime hours they each worked was willful, and lacked a good faith basis.

59. Defendants also failed to pay Plaintiffs an additional hour's pay at the minimum wage for each day he worked a shift lasting in excess of ten hours from start to finish ("spread-of-hours premium").

60. Defendants failed to provide each Plaintiff with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, the defendants' contact information, the regular and overtime rates, and intended allowances claimed – and failed to obtain each plaintiff's signature acknowledging the same, upon each plaintiff's hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

61. Defendants failed to provide each plaintiff with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

62. Upon information and belief, throughout both periods of each plaintiff's employment, both before that time (throughout the Collective Action Period) and continuing

until today, defendants have likewise employed other individuals like plaintiffs (the "Collective Action Members") in positions at defendants' restaurant that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

63. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

64. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

65. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

66. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

67.  Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

68.  Upon information and belief, while the defendants employed the plaintiffs and the Collective Action Members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

## COUNT I

### (New York Labor Law — Minimum Wage)

69.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

70.  At all relevant times, Plaintiffs were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

71.  Defendants willfully violated Plaintiffs' rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

72.  Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

73.  Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT II

### (Fair Labor Standards Act - Overtime)

74.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

75.  At all relevant times, the defendants employed Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

76.  At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

77.  As a result of defendants' willful failure to compensate their employees, including Plaintiffs and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

78.  The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

79.  Due to the defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law - Overtime)

80.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

81.  At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

82.  Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

83.  Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

84.  Due to the defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from the defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (NEW YORK LABOR LAW – SPREAD OF HOURS)

85.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

86.   At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

87.   Defendants willfully violated Plaintiffs' rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

88.   Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

89.   Due to Defendants' New York Labor Law violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law — Wage Theft Prevention Act)

90.  Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

91.  At all relevant times, Plaintiffs were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

92.  Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

93.  Defendants willfully violated Plaintiffs' rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

94.  Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are each entitled to recover from the defendants statutory damages of $250 per day, for each day by the defendant of their employment by the defendants, up to the maximum statutory damages.

95. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are each entitled to recover from the defendants statutory damages of $50 per day for each day of their employment by the defendants, up to the maximum statutory damages.

**<ins>PRAYER FOR RELIEF</ins>**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action Members;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.  An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.  A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e.  Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f.  Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g.  An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h.  Liquidated damages for the defendants' New York Labor Law violations;

i.  Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j.  Back pay;

k.  Punitive damages;

l.  An award of prejudgment and postjudgment interest;

m.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.  Such other, further, and different relief as this Court deems just and proper.

Dated: September 28, 2022

<u>/s/ Michael Samuel</u>
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiff,
*Individually and on behalf of an
FLSA collective action*