UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR SALAZAR, PAOLO GARCIA, and VICENTE JUAREZ, *on behalf of themselves and all other persons similarly situated*,

                Plaintiffs,

v.

ISAAC DOE and ABC CORP., *doing business as* LUIGI'S PIZZA,

                Defendants.

**ORDER**

22-cv-8277 (ER)

RAMOS, D.J.

      Plaintiffs filed this Fair Labor Standards Act case on September 28, 2022. Doc. 1. Electronic summons issued on September 30, 2022, Docs. 8, 9, and the plaintiffs subsequently filed an amended complaint on October 10, 2022, Doc. 10. Since then, there has been no activity in the case. Accordingly, on July 7, 2023, the Court instructed plaintiffs to file a status letter by July 14, 2023. Doc. 11. The Court indicated that failure to do so could result in dismissal for failure to prosecute. *Id.* No such letter was filed.

      Thereafter on August 10, 2023, the Court once again ordered plaintiffs to submit a status letter by Friday, August 18, 2023. Doc. 12. It made clear that "[f]ailure to do so [*would*] result in dismissal for failure to prosecute." *Id.* (emphasis added).

      For the reasons set forth below, the Court now dismisses the action for failure to prosecute under Rule 41(b).

**I.    Standard**

Courts evaluating dismissal under Rule 41(b) must consider the following factors:

(1) the duration of the plaintiff's failures,

(2) whether plaintiff had received notice that further delays would result in dismissal,

(3) whether the defendant is likely to be prejudiced by further delay,

(4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and

(5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted).  When weighing these factors, "[n]o single factor is generally dispositive."  *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.   Discussion**

In the instant case, each of the *LeSane* factors weighs in favor of dismissal.  *First*, plaintiffs have not communicated with the Court for more than nine months, nor have they otherwise complied with either of the Court's orders.  Docs. 11, 12.  Indeed, the docket shows that the plaintiffs have not taken any action to prosecute this case over that time.  "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b).  *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, as set forth above, plaintiffs were given clear notice that failure to respond to Court orders could result in dismissal.  The Court specifically warned—on two separate occasions—that failure to comply with the Court's order could result in sanctions, including dismissal for failure to prosecute.  Docs. 11, 12.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210 (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (internal quotation marks omitted). Because the plaintiffs have failed to advance this case, the Court perceives no circumstances rebutting this presumption. Indeed, there is no indication that the defendants have even been served here.

*Fourth*, plaintiffs have not taken advantage of their "right to due process and a fair chance to be heard." *LeSane*, 239 F.3d at 209. And importantly, "it is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because the plaintiffs have ignored two Court orders and otherwise failed to move forward this action, there are no weaker sanctions that could remedy the failure to prosecute this case. Dismissal is appropriate where, as here, plaintiffs "appear[] to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the case is dismissed with prejudice for failure to prosecute. The Clerk of Court is respectfully directed to close this case.

It is SO ORDERED.

Dated: August 25, 2023
      New York, New York

_____
Edgardo Ramos, U.S.D.J.